## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| KEVIN MULLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER COMPANY; and SMITH'S FOOD & DRUG CENTERS, INC. d/b/a FRY'S FOOD AND DRUG,<br><br>Defendants. | CIVIL ACTION<br><br><br>Case No.   1:19-cv-964<br><br><br>JURY TRIAL DEMANDED |

### COLLECTIVE ACTION COMPLAINT

Plaintiff, Kevin Mullins ("Mullins" or "Plaintiff"), files this Collective Action Complaint against Defendants, The Kroger Company ("Kroger") and Smith's Food & Drug Centers, Inc. d/b/a Fry's Food Stores ("Smith's") (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), on behalf of himself and all current and former Assistant Managers ("AMs"), however variously titled, who work (or worked) at any "Fry's Food and Drug" store in the United States during the relevant time period. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### NATURE OF THE ACTION

1.    Plaintiff brings this action on behalf of himself and similarly situated current and former AMs to recover unpaid overtime pursuant to the FLSA.  Defendants violated the FLSA by failing to pay its AMs, including Plaintiff, overtime compensation for the hours they worked

over forty (40) in one or more workweeks because Defendants classify them as exempt from overtime.

2.     Defendants employ AMs in over 120 "Fry's Food and Drug" stores in Arizona. Fry's Food and Drug stores are retails supermarkets which sell groceries and other goods to the general public.

3.     Although Defendants consider its AMs to be "managers," AMs are not responsible for true management functions.  To the contrary, AMs spend the vast majority of their time performing the same duties as non-exempt employees, including serving customers, ringing customers up on the cash register, stocking shelves, unloading trucks, moving merchandise, counting inventory, and cleaning the store.

4.     AMs report to Store Managers who, in turn, report to district and other supervisory personnel.  Store Managers are the highest level of management in Fry's Foods and Drug stores.

5.     As alleged herein, Plaintiff and all other similarly situated AMs were required to work more than forty (40) hours in a workweek while employed by Defendants in order to complete their job duties.  However, in accordance with Defendants' policy, pattern, and/or practice, they were misclassified as exempt from overtime compensation and were not paid at the mandated rate of time-and-one-half for all hours worked in excess of forty (40) in a workweek.

6.     Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of himself and all persons who are or were formerly employed by Defendants in the United States during the relevant time period as AMs, and individuals holding comparable salaried positions with different titles (the "AM Collective").

7.     Defendants' systematic failure and refusal to pay Plaintiff and all other similarly

situated AMs for all hours worked over forty (40) in a workweek violates the FLSA.

## THE PARTIES

### *Plaintiff Kevin Mullins*

8.      Mullins resides in Phoenix, Arizona.  Between approximately 2014 or 2015 and March 2018, Mullins was employed by Defendants as an AM at a Fry's Food and Drug store located in Phoenix, Arizona.  Prior to this time, and beginning in approximately 2005, Mullins worked as an hourly-paid Grocery Manager with Defendants.

9.      Throughout his employment as an AM with Kroger, Mullins was scheduled to work at least 50 hours each week, though he worked more.  On average, during each week of his employment as an AM with Defendants, Mullins worked approximately 50 to 60 hours, including during the weeks leading up to, and of, Easter, Thanksgiving, and Christmas in 2015, 2016, and 2017.

10.     Mullins spent the vast majority of his time performing the same duties as non-exempt employees, including serving customers, ringing customers up on the cash register, stocking shelves, unloading trucks, moving merchandise, counting inventory, and cleaning the store.

11.     The work Mullins performed was at the direction, and for the benefit, of Defendants.

12.     Pursuant to Defendants' policy, pattern or practice of classifying AMs as exempt from overtime, Mullins was not paid premium overtime compensation for all hours worked over forty (40) in a work week.

13.     Plaintiff has consented to join this action.  *See* Exhibit A.

**Defendant The Kroger Company**

14.     The Kroger Company is an Ohio corporation with its principal place of business located at 1014 Vine Street, Cincinatti, Ohio 45202.

15.     Kroger owns and operates, directly and/or through its wholly owned subsidiary Smith's Food & Drug Centers, Inc., over 120 Fry's Food and Drug stores in Arizona.

16.     At all relevant times, Kroger employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former AMs and, among other things, maintained control, oversight and direction over Plaintiff and other AMs, including with respect to timekeeping, payroll and other employment practices that applied to them.

17.     Kroger applies the same employment policies, practices, and procedures to all AMs nationwide.

18.     Kroger is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

19.     At all relevant time, Kroger has had gross revenues exceeding $500,000.00.

**Defendant Smith's Food & Drug Centers, Inc. d/b/a Fry's Food and Drug**

20.     Smith's Food & Drug Centers, Inc. is an Ohio corporation with its principal place of business located at 1014 Vine Street, Cincinatti, Ohio 45202.

21.     Smith's is a wholly owned subsidiary of Defendant, The Kroger Company.

22.     At all relevant times and together with its parent company, Kroger, Smith's

4

employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former AMs and, among other things, maintained control, oversight and direction over Plaintiff and other AMs, including with respect to timekeeping, payroll and other employment practices that applied to them.

23.     Smith's applies the same employment policies, practices, and procedures to all AMs nationwide.

24.     Smith's is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

25.     At all relevant time, Smith's has had gross revenues exceeding $500,000.00.

## JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 29 U.S.C. § 216(b).

27.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

28.     Defendants are subject to personal jurisdiction in Ohio.

29.     Defendants purposely availed themselves of jurisdiction by operating its stores in Ohio.

30.     Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims in this Collective Action Complaint occurred within this District and because Defendants reside in this District.

## GENERAL FACTUAL ALLEGATIONS

31.    Kroger is a publicly traded corporation, with its corporate headquarters located in Cincinatti, Ohio.

32.    Smith's is a wholly owned subsidiary of Kroger and is based out of Kroger's corporate headquarters in Cincinnati, Ohio.

33.    According to its 2018 annual report, Kroger is "one of the largest retailers in the world based on annual sales" and "operates, either directly or through its subsidiaries, 2,764 supermarkets under a variety of local banners."[1]

34.    According to the company's "2018 Fact Book," Kroger owns and operates over 120 Fry's Food and Drug stores across Arizona.[2]

35.    As of February 2, 2019, Kroger "employed approximately 453,000 full- and part-time employees," of which several hundred are believed to be AMs who work, or worked, at Fry's Food and Drug stores.[3]

36.    Defendants maintain strict control, oversight, and discretion over the operation of its stores, including its employment practices with respect to Plaintiff and the members of the putative collective.

37.    Plaintiff's and the members of the putative collective's work as AMs was performed in the normal course of Defendants' business and was integrated into it.

---

[1] *See* http://ir.kroger.com/Cache/397754469.PDF?O=PDF&T=&Y=&D=&FID=397754469&iid=4004136, at 2 (last accessed November 1, 2019).

[2] See http://ir.kroger.com/Cache/1001254339.PDF?O=PDF&T=&Y=&D=&FID=1001254339&iid=4004136, at 53 (last accessed November 1, 2019).

[3] *Ibid* 1.

38.    Consistent with Defendants' policy, pattern and/or practice, Plaintiff and the members of the putative collective worked in excess of forty (40) hours per workweek without being paid overtime compensation.  For example, and upon information and belief, AMs are scheduled to work at least 50 hours each workweek.  However, AMs routinely work more hours.

39.    All of the work that Plaintiff and the members of the putative collective performed has been assigned by Kroger, who is aware of the work they performed.  This work required little skill and no capital investment.  Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

40.    Pursuant to a centralized, company-wide policy, pattern and/or practice, Kroger classifies all AMs as exempt from the overtime provisions of the FLSA.

41.    The primary job duties of Plaintiff and the members of the putative collective did not include hiring, firing, disciplining, or directing the work of other employees.

42.    The primary job duties of Plaintiff and the members of the putative collective did not materially differ from the job duties of non-exempt hourly paid employees.

43.    The primary job duties of Plaintiff and the members of the putative collective did not include the exercise of meaningful independent discretion with respect to their duties.

44.    The primary job duties of Plaintiff and the members of the putative collective were manual and/or clerical in nature.  The performance of manual and/or clerical labor occupied the majority of the working hours of Plaintiff and the members of the putative collective.

45.    Plaintiff and the members of the putative collective are similarly situated in that they have substantially similar job duties and are subject to Kroger's common compensation policies, patterns, and/or practices.

46.    Upon information and belief, Kroger did not perform a person-by-person analysis

of Plaintiff's and the members of the putative collective's job duties when making the decision to classify AMs as exempt from overtime under the FLSA.

47.     Due to the foregoing, Kroger's failure to pay overtime wages for work performed by Plaintiff and the members of the putative collective in excess of forty (40) hours per week was willful.

48.     The work performed by Plaintiff and the members of the putative collective constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimis*.

49.     Kroger's unlawful conduct has been widespread, repeated, and consistent.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

50.     Plaintiff brings the First Cause of Action, 29 U.S.C. § 216(b), on behalf of himself and the AM Collective.

51.     At all relevant times, Plaintiff and AM Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

52.     Defendants employ Plaintiff and the members of the putative AM Collective and are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

53.     At all relevant times, Plaintiff and the members of the putative AM Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

54.     Defendants have failed to pay Plaintiff and the members of the putative AM Collective overtime compensation to which they are entitled under the FLSA.

55.     Defendants have failed to keep accurate records of time worked by Plaintiff and

the members of the putative AM Collective.

56.     Defendants are liable under the FLSA for, among other things, failing to properly compensate Plaintiff and the members of the putative AM Collective.

57.      Consistent with Defendants' policy and pattern or practice, Plaintiff and the members of the putative AM Collective were not paid overtime compensation when they worked beyond forty (40) hours in a workweek.

58.     All of the work that Plaintiff and the members of the putative AM Collective performed has been assigned by Defendants, and/or Defendants have been aware of such work.

59.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the putative AM Collective.  This policy and pattern or practice includes, but is not limited to:

> (a)     willfully failing to pay Plaintiff and the members of the putative AM Collective premium overtime wages for hours that they worked in excess of forty (40) hours per workweek;
>
> (b)     willfully misclassifying Plaintiff and the members of the putative AM Collective as exempt from the overtime protections of the FLSA; and
>
> (c)     willfully failing to record all of the time that its employees, including Plaintiff and the members of the putative AM Collective, worked for the benefit of Defendants.

60.     Defendants are aware or should have been aware that federal law required it to pay Plaintiff and the members of the putative AM Collective overtime compensation for all hours worked in excess of forty (40) in a workweek.

61.     Plaintiff and the members of the putative AM Collective perform or performed the same primary duties.

62.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act:  Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiff and the AM Collective)**

63.     Plaintiff realleges and incorporate by reference the above allegations.

64.     Defendants have engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the members of the putative AM Collective, as detailed in this Collective Action Complaint.

65.     Upon information and belief, Defendants established labor budgets to cover labor costs for the stores in which Plaintiff and the members of the putative AM Collective worked. However, Defendants did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each store.

66.     Defendants knew or recklessly disregarded the fact that their underfunding of store labor budgets resulted in Plaintiff and the members of the putative AM Collective (who were not paid overtime) working more than forty (40) hours in a workweek without receiving any overtime compensation.  This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

67.     Because Defendants underfunded store labor budgets, which in turn limited the amount of money available to pay non-exempt employees to perform manual and customer service tasks, AMs were required to – and did – perform these non-exempt tasks.

68.     In fact, the performance of non-management work was the primary duty of Plaintiff and the members of the AM Collective.  These primary duties included serving customers, ringing customers up on the cash register, stocking shelves, unloading trucks, moving merchandise, counting inventory, and cleaning the store.

69.     Defendants knew, by virtue of the fact that its upper level management employees

(as its authorized agents) actually saw Plaintiff and the members of the AM Collective primarily perform manual labor and non-exempt duties, that Plaintiff and other similarly situated AMs were not performing activities that complied with any FLSA exemption. Inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA, they acted willfully or recklessly in failing to classify Plaintiff and other similarly situated AMs as non-exempt employees.

70. Upon information and belief, and as part of their regular business practices, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the members of the putative AM Collective. This policy and pattern or practice includes but it is not limited to:

(a) willfully misclassifying Plaintiff and the members of the putative AM Collective as exempt from the requirements of the FLSA;

(b) willfully failing to pay Plaintiff and the members of the AM Collective overtime wages for all hours they worked in excess of forty (40) hours per week; and

(c) willfully failing to provide enough money in their store-level labor budgets.

71. Defendants' unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

72. As further evidence of its willful or reckless failure to classify Plaintiff and the members of the AM Collective as non-exempt employees, Defendants have uniformly failed to: (a) accurately track or record actual hours worked by Plaintiff and the members of the putative AM Collective; and (b) provide Plaintiff and the members of the putative AM Collective with a

method to accurately record the hours they actually worked.

73.     Defendants did not make a good-faith effort to comply with the FLSA with respect to their timekeeping and compensation of Plaintiff and the members of the putative AM Collective.

74.     Defendants were or should have been aware that the FLSA required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per week.

75.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the putative AM Collective for all hours worked in excess of forty (40) in a workweek.

76.     Upon information and belief, there are potentially hundreds of similarly situated current and former AMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the members of the putative AM Collective, pursuant to 29 U.S.C. § 216(b).

77.     The members of the putative AM Collective are known to Defendants, are readily identifiable, and can be located through Defendants' records.

78.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

79.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the putative AM Collective have suffered damages by being denied overtime compensation in accordance with the FLSA, in amounts to be determined at trial, and are entitled

to recovery of such amounts, as well as liquidated damages and attorneys' fees, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the putative AM Collective, prays for the following relief:

1. Designation of this action as an FLSA collective action on behalf of Plaintiff and the members of the putative AM Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the AM Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

2. An award of unpaid overtime compensation for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

3. An award of liquidated damages under the FLSA as a result of Defendants' willful failure to pay for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay;

4. An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

5. An award of service payments to Plaintiff;

6. An award of pre-judgment and post-judgment interest;

7.      An award of costs and expenses of this action, together with reasonable attorneys' and expert fees to Plaintiff's counsel pursuant to the FLSA;

8.      An injunction requiring Defendants to cease their practice of violating the FLSA in the future;

9.      Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful and/or willful under the FLSA; and

10.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Collective Action Complaint.

Respectfully submitted

Dated: November 12, 2019

_____/s/Bruce H. Meizlish_____
Bruce Meizlish (OH Id. No. 0033361)
Deborah Grayson (OH Id. No. 006277)
**MEIZLISH & GRAYSON**
830 Main Street, Suite 999
Cincinnati, Ohio 45202
Phone: (513) 345-4700
Facsimile: (513) 345-4703
brucelaw@fuse.net
drgrayson@fuse.net

Jason Conway (PA 317113)*
**CONWAY LEGAL, LLC**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
Fax: (215) 278-4807
jconway@conwaylegalpa.com

Daniel C. Levin (PA 80013)*
**LEVIN, SEDRAN & BERMAN LLP**
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Fax: (215) 592-4663
dlevin@lfsblaw.com
***Attorneys for Plaintiff and the Putative FLSA Collective***

*\* To be admitted pro hac vice*

DocuSign Envelope ID: F27B969D-AF10-4FE5-8464-9668B67E43DB

## CONSENT TO JOIN FORM

     1.    By my signature below, I consent to be a party plaintiff in a lawsuit against Defendant(s), The Kroger Co. d/b/a Buy's Food and Drug, and/or related entities and individuals, including franchisees, in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

     2.    I appoint Conway Legal, LLC to represent me in bringing such claim, and to make decisions on my behalf concerning the prosecution of the litigation and any settlement that may be negotiated on my behalf. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

     3.    I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

*Kevin Mullins*

5045D15663824A0...

Signature

10/8/2019

Date

Kevin Mullins

Name

# Personal Information
# Redacted

Address

City, State Zip Code

Telephone Number

E-mail

