UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kevin Mullins,

    Plaintiff,

v.

The Kroger Company, Inc., *et al.*,

    Defendants.

Case No. 1:19-cv-00964

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on Plaintiff Kevin Mullins' Motion to Conditionally Certify a Fair Labor Standards Act ("FLSA") Collective Action and Authorize Notice. (Docs. 23, 23-1). The Kroger Company ("Kroger") and Smith's Food & Drug Centers, Inc., doing business as Fry's Food and Drug ("Fry's") (collectively "Defendants"), filed a Response in Opposition. (Doc. 27). Plaintiff filed a Reply. (Doc. 28).

    **I.**    **BACKGROUND**

Plaintiff brings this lawsuit on behalf of himself and similarly situated current and former Assistant Store Managers, however variously titled, who worked at Fry's stores in the United States. (Doc. 1). Fry's is a wholly owned subsidiary of Kroger, and operates retail supermarkets in over 120 stores in Arizona. (Doc. 1 ¶¶ 2,15); (Doc. 6 ¶¶ 2, 15). Fry's employed Plaintiff between 2015 and 2018 as an Assistant Store Manager in Phoenix, Arizona. (Doc. 1 ¶ 8); (Doc. 6 ¶ 8). Plaintiff alleges that Defendants failed to pay him and other Assistant Store Managers overtime compensation in violation of the FLSA. (Doc. 1 ¶ 1). In particular, he alleges that Defendants have a policy, pattern, and/or practice wherein Defendants misclassify Fry's Assistant Store Managers as exempt from the

FLSA's overtime provisions such that Plaintiff and other Assistant Store Managers repeatedly work more than 40 hours per workweek without any overtime compensation. (*Id.* ¶ 59).

Plaintiff and six opt-in Plaintiffs have filed Notices of Consent in this case: Plaintiff Kevin Mullins (Doc. 1 PageID 16), Opt-In Plaintiff Maurice Hamilton (Doc. 10-1), Opt-In Plaintiff James Brandon Hall-Williams (*Id.*), Opt-In Plaintiff Reggie Vigilant (Doc. 12-1), Opt-In Plaintiff Kory Gibson (*Id.*), Opt-In Plaintiff Javier Lopez (Doc. 13-1), and Opt-In Plaintiff Jay Berger (Doc. 15-1).

Pursuant to Section 216(b) of the FLSA, Plaintiff moves to conditionally certify the following collective class: all current and former Assistant Store Managers who work, or worked, for Fry's Food in the United States at any time on or after November 12, 2016, to the present, and who were classified as exempt from overtime compensation. (Doc. 23 PageID 111). In support of conditional certification, Plaintiff submits his deposition, the six Opt-In Plaintiffs' depositions, Defendants' Rule 30(b)(6) designee's deposition, and documents produced by Defendants. (*Id.* PageID 110). Plaintiff further requests that the Court permit Notice of this action to be sent to other individuals employed as Fry's Assistant Store Managers informing them of their right to opt-in to this case. (*Id.* PageID 125). In response, Defendants contend that Plaintiff has not met his burden of showing that a collective action should be conditionally certified. (Doc. 27 PageID 1399-1410). Defendants alternatively argue that, even if the Court grants Plaintiff's Motion for Conditional Certification, the proposed Notice sought is flawed. (*Id.* PageID 1410-13).

## II. ANALYSIS

The FLSA requires that all hours worked be compensated. *See* 29 U.S.C. § 206; *Chao v. Tradesmen Int'l, Inc.*, 310 F.3d 904, 907 (6th Cir. 2002) ('The FLSA requires employers to pay at least a specified minimum wage for each hour worked."). The FLSA requires covered employers to pay overtime wages to employees who work more than forty hours per week unless the employees fall into the category of exempted employees. *See* 29 U.S.C. §§ 207(a)(1), 213; *Wood v. Mid–America Mgmt. Corp.,* 192 F. App'x 378, 379-80 (6th Cir. 2006). The FLSA provides a private cause of action against an employer "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). "Thus, in order to join a collective action, an employee must (1) be 'similarly situated' to the plaintiff who maintains the action, and (2) give his written consent to join." *Boyd v. Schwebel Baking Co.*, No. 4:15-CV-871, 2016 WL 3555351, at *2 (N.D. Ohio June 30, 2016) (citing *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)).

### a. Conditional certification

Neither the FLSA nor the Sixth Circuit has defined "similarly situated." *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009); *Thomas v. Papa John's Int'l, Inc.*, No. 1:17CV411, 2019 WL 4743637, at *1 (S.D. Ohio Sept. 29, 2019). On one hand, courts in the Sixth Circuit typically determine whether plaintiffs are similarly situated in two stages: the first, the "initial notice stage" or "conditional certification stage" takes place at the beginning of discovery and the second, following discovery, is the stage in which courts will examine more closely the question of whether particular members of

a class are, in fact, "similarly situated." *See e.g.*, *Comer*, 454 F.3d at 546-47. As the court typically has little evidence in the first phase, the determination is made using a fairly lenient standard typically resulting in "conditional certification of a representative class." *See id.* at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D. N.J. 2000)). During the second phase, after the opt-in notices have been sent, the responses received, and discovery has concluded, "the court has much more information on which to base its decision and, as a result, [it] employs a stricter standard." *Morisky*, 111 F. Supp. at 497. At the second stage, the defendant may file a motion to decertify the class "if appropriate to do so based on the individualized nature of the plaintiff's claims." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011).

One the other hand, "[w]hen the parties have been permitted to conduct some limited discovery to determine whether a class of similarly situated plaintiffs may exist, . . . courts [in this Circuit] have had a difficult time elucidating an intermediate, or hybrid, standard that falls between the lenient first-stage and the strict second-stage review." *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 823 (N.D. Ohio 2011). Here, no opt-in Notice has been Court-approved or sent, but the parties agreed to and conducted limited discovery on the putative collective action claim. *See* (Doc. 11). The Court finds that, based on these circumstances, the parties are past the first stage that typically requires Plaintiff to meet the lenient standard regarding the factual basis for his allegations, but are not yet to the strict second stage at the close of the discovery and opt-in notice period. *See Creely*, 789 F. Supp. 2d. at 822.

The "Court will consider the evidence submitted by both parties but, because the case[ has] not yet progressed to stage two and the Court only has an incomplete factual

4

record, it is appropriate to require Plaintiff[] to make a modest 'plus' factual showing that there is a group of potentially similarly situated plaintiffs that may be discovered by sending opt-in notices." *Id.* at 826; *see, e.g.*, *Jungkunz v. Schaeffer's Inv. Research, Inc.*, No. 1:11-CV-00691, 2014 WL 1302553, at *7 (S.D. Ohio Mar. 31, 2014) (applying the heightened discovery standard discussed in *Creely*); *Neff v. U.S. Xpress, Inc.*, 2:10–CV–948, 2013 WL 4479078, at *3-4 (S.D. Ohio Aug. 20, 2013) (same). The "Court will compare Plaintiff['s] allegations set forth in [his] Complaint with the factual record assembled through discovery . . . to determine whether Plaintiff[] ha[s] made sufficient showing beyond [his] original allegations that would tend to make it more likely that a class of similarly situated employees exists." *Creely*, 789 F. Supp. 2d at 827.

The Court begins its analysis of Plaintiff's Motion for Conditional Certification by exploring the allegations in his Complaint and will then consider whether he has "advanced the ball down the field" in showing the existence of a class of similarly situated individuals. *Creely*, 789 F. Supp. 2d at 829. Plaintiff alleges that Defendants failed to pay him and other Assistant Store Managers overtime compensation. (Doc. 1 ¶ 1). He alleges that Defendants have a policy, pattern, and/or practice wherein Defendants fail to provide enough money in Fry's store-level labor budgets and misclassify Fry's Assistant Store Managers as exempt from the FLSA's overtime provisions such that Plaintiff and other Assistant Store Managers repeatedly work more than 40 hours per workweek without any overtime compensation. (*Id.* ¶ 59).

Plaintiff first contends that Assistant Store Managers who work for Fry's are similarly situated because Assistant Store Managers are subject to the same job description. (Doc. 23-1 PageID 116). He explains that Defendants have a uniform job

5

description for the Assistant Store Manager position and uniformly expect Assistant Store Managers to have the primary duty of being in charge of the store while also helping customers, working the cash register, stocking shelves, setting up displays, unloading trucks, moving merchandise, performing customer service, counting inventory, and collecting shopping carts from the parking lot. *Id.* (citing (Doc. 23-3) (Exhibit A, Rule 30(b)(6) designee, Peter Tremoulis Decl.); (Doc. 24-1) (Exhibit T, Assistant Store Manager Position Profiles); (Doc. 25-12) (Sealed); (Doc. 25-13) (Sealed)).

Second, Plaintiff argues that Fry's Assistant Store Managers are similarly situated as Defendants train them using the same materials. (Doc. 23-1 PageID 114). He states that all Assistant Store Managers undergo the same 12-week corporate training and Defendants provide uniform training material. *Id.* (citing (Doc. 23-3) (Exhibit A, Tremoulis Decl.); (Doc. 23-4) (Exhibit B, Plaintiff Kevin Mullins Decl.); (Doc. 23-5) (Exhibit C, Opt-In Plaintiff James Brandon Hall-Williams Decl.); (Doc. 23-6) (Exhibit D, Opt-In Plaintiff Reggie Vigilant Decl.); (Doc. 23-7) (Exhibit E, Opt-In Plaintiff Jay Berger Decl.); (Doc 23-8) (Exhibit F, Opt-In Plaintiff Javier Lopez Decl.); (Doc. 23-9) (Exhibit G, Opt-In Plaintiff Kory Gibson Decl.); (Doc. 23-10) (Exhibit H, Opt-In Plaintiff Maurice Hamilton Decl.); (Docs. 25-2—25-10) (All sealed)).

Third, Plaintiff contends that Fry's Assistant Store Managers are similarly situated as they perform substantially the same duties. (Doc. 23-1 PageID 113). He asserts that Assistant Store Managers' primary duties including serving customers, ringing customers up on the cash registers, stocking shelves, unloading trucks, moving merchandise, counting inventory, and cleaning the store, and that these duties comprise approximately 90% of Assistant Store Managers' time at work. *Id.* (citing (Doc. 23-4) (Exhibit B, Mullins

6

Decl.); (Doc. 23-5) (Exhibit C, Hall-Williams Decl.); (Doc. 23-6) (Exhibit D, Vigilant Decl.); (Doc. 23-7) (Exhibit E, Berger Decl.); (Doc 23-8) (Exhibit F, Lopez Decl.); (Doc. 23-9) (Exhibit G, Gibson Decl.); (Doc. 23-10) (Exhibit H, Hamilton Decl.)).

Fourth, Plaintiff argues that Fry's Assistant Store Managers are similarly situated because they are all paid on a salary basis, regardless of the number of hours that they work in a week, and are eligible for the same annual benefits and bonus. (Doc. 23-1 PageID 114-115) (citing (Doc. 23-3) (Exhibit A, Tremoulis Decl.); (Doc. 23-4) (Exhibit B, Mullins Decl.); (Doc. 23-5) (Exhibit C, Hall-Williams Decl.); (Doc. 23-7) (Exhibit E, Berger Decl.); (Doc 23-8) (Exhibit F, Lopez Decl.); (Doc. 23-9) (Exhibit G, Gibson Decl.); (Doc. 23-10) (Exhibit H, Hamilton Decl.)).

Fifth, Plaintiff asserts that Fry's Assistant Store Managers are similarly situated, as they are uniformly required to work overtime and Defendants do not require Assistant Store Managers to record their hours worked each week. (Doc. 23-1 PageID 115) (citing (Doc. 23-3) (Exhibit A, Tremoulis Decl.); (Doc. 23-4) (Exhibit B, Mullins Decl.); (Doc. 23-5) (Exhibit C, Hall-Williams Decl.); (Doc. 23-7) (Exhibit E, Berger Decl.); (Doc 23-8) (Exhibit F, Lopez Decl.); (Doc. 23-9) (Exhibit G, Gibson Decl.); (Doc. 23-10) (Exhibit H, Hamilton Decl.)). Sixth, Plaintiff contends that Fry's Assistant Store Managers are similarly situated because they are uniformly classified as administratively exempt. (Doc. 23-1 PageID 115) (citing (Doc. 23-3) (Exhibit A, Tremoulis Decl.)).

Seventh, Plaintiff argues that Assistant Store Managers are similarly situated in light of the fact that they are subject to the same corporate policies and procedures under which Defendants maintain strict control, oversight, and discretion over the work that Assistant Store Managers perform. (Doc. 23-1 PageID 116-17) (citing (Doc. 23-3)

7

(Exhibit A, Tremoulis Decl.); (Exhibits W, X, Y, Z, AA, BB) (All Sealed);  (Exhibit EE, "Fry's Good Conduct Guidelines"); (Exhibit FF, "Harassment Policy"); (Exhibit GG, "Retail Policy Dress Code"); (Exhibit HH, "Key Control Policy"); (Exhibit II, "Cut Resistant Glove Use Policy and Procedures"); (Exhibit JJ, "Detention of Suspected Shoplifters Policy – for Store Level Personnel"); (Exhibit KK, "Emergency Refrigeration Procedures"); (Exhibit  M, "In-Store Mark Down Policy"); (Exhibit NN, "Lock-Out/Tag-Out Procedures"); (Exhibit OO, "Policies and Procedures for Selling Dry Ice"); (Exhibit PP, "Safety Box Cutter Policy and Procedures")).

The argument presented in Plaintiff's Motion for Conditional Certification, along with the evidence presented in the form of Plaintiff's and Opt-In Plaintiffs' depositions, Defendants' Rule 30(b)(6) designee's deposition, and company documents produced by Defendants, convince the Court that Plaintiff has met the modest "plus" standard and "'moved the ball down the field' such that it is more likely that a group of similarly situated individuals can be identified." *Boyd*, 2016 WL 3555351, at \*6 (quoting *Creely*, 789 F. Supp. 2d at 827). Moreover, and although the Court is viewing the parties' arguments through the modest "plus" lens, Defendants' arguments—that individual issues predominate, Plaintiff and Opt-In Plaintiffs differ with respect to their individual job duties as Fry's Assistant Store Managers, and Plaintiff and Opt-In Plaintiffs did not perform the work expected of them as outlined in the company documents that they rely on for support—are properly reserved for the stage-two analysis. *See Boyd*, 2016 WL 3555351, at \*7; *see also Creely*, 789 F. Supp. 2d at 827 ("The standard against which Plaintiffs' evidence will be evaluated remains lenient, with the burden focused on advancing their own original allegations of a sufficiently similar class, not on refuting Defendants'

arguments and defenses."). The Court finds that, based on the facts of this case, and at this juncture, "[a] full and complete merit review of both sides' arguments is best preserved for the detailed and strict review conducted at stage two, when the Court and the parties have the benefit of a fully developed factual record." *Creely*, 789 F. Supp. 2d at 827.

Before turning to the form and manner of Plaintiff's proposed Notice, the Court notes that, in accordance with the weight of authority in this District, the statute of limitations for opt-in plaintiffs in this matter should start to run from the date on which this Order is issued, as opposed to the date that Plaintiff filed his Complaint. *See Bradford v. Team Pizza, Inc.*, No. 1:20-CV-00060, 2020 WL 5987840, at *3-4 (S.D. Ohio Oct. 9, 2020); *Bradford v. Team Pizza, Inc.*, No. 1:20-CV-60, 2020 WL 3496150, at *3 (S.D. Ohio June 29, 2020), *report and recommendation adopted*, No. 1:20-CV-00060, 2020 WL 5987840 (S.D. Ohio Oct. 9, 2020).

### b. Notice

Plaintiff seeks permission to send the notice through first class mail, email, and text message, and to post the notice at all Fry's stores. (Doc. 23-1 Page ID 125). This Court has explained that there is no "one-size-fits-all" approach to notifying putative class members. *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1074 (S.D. Ohio 2016). In *Hoffmann-La Roche Inc. v. Sperling*, the Supreme Court confirmed that trial courts have discretion to facilitate notice to potential plaintiffs in FLSA collective actions. 493 U.S. 165, 170 (1989). In FLSA cases, first-class mail is generally considered to be the "best notice practicable" to ensure that proper notice is received by potential class members. *Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 765 (W.D. Tenn. 2011) (citing *Hintergerger v. Catholic Health Sys.*, No. 08-CV-380S, 2009 WL 3464134,

at *13 (W.D.N.Y. Oct. 21, 2009)).

"Courts generally approve only a single method for notification unless there is a reason to believe that method is ineffective." *Wolfram v. PHH Corp.*, No. 1:12–CV–599, 2012 WL 6676778, at *4 (S.D. Ohio Dec. 21, 2012). However, this Court has approved a double method of notice in FLSA collective actions by U.S. mail to all current employees and additional email to former employees. *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 879 (S.D. Ohio 2017) (collecting cases). The trend in this Court is to allow both postal mail and email notice to all the putative class members. *Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 899 (S.D. Ohio 2018) (collecting cases). This Court has reasoned that "[t]he use of two methods will (i) increase the likelihood that all potential opt-in plaintiffs receive notice of the suit and (ii) likely obviate the need to resend notice if an employee's home address is inaccurate." *Id.* Including a third method of texting putative class members, however, has not been allowed unless the named plaintiff can show that notice via postal and electronic mail is insufficient as to a given potential member. *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2017 WL 3500411, at *5 (S.D. Ohio Aug. 15, 2017). Here, Plaintiff has not shown that a third method of notice via text or a reminder postcard is necessary.

In this Circuit, posted notice is generally not permitted unless the plaintiff can show that other methods of service are impracticable or insufficient. *See Fenley*, 170 F. Supp. 3d at 1075 (citing *Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 765 (W.D. Tenn. 2011)); *cf. Brandenburg*, 2017 WL 3500411, at *6 (approving posting notice at restaurant locations as a low-cost, non-invasive way to ensure that timely and accurate notice of the lawsuit is conveyed to putative collective members). Plaintiff argues that

notice should be posted in all Fry's stores, in a breakroom or other area where similar types of notices are posted, due to the unprecedented nature of the COVID-19 pandemic and the resulting need for flexibility in the notice and opt-in process for Fry's Assistant Store Managers who "are likely working extended hours performing essential duties as employees of the grocery industry." (Doc. 23-1 PageID 126-27). In light of the current COVID-19 crisis, and based on the facts of this specific case, the Court permits notice to be posted in Fry's stores in an area that potential opt-in plaintiffs can safely view it.

"District courts in the Sixth Circuit regularly approve notice procedures in which potential opt-in plaintiffs may electronically sign and submit consent forms," *Kilmer v. Burntwood Tavern Holdings LLC*, No. 1:19-CV-02660, 2020 WL 2043335, at *4 (N.D. Ohio Apr. 28, 2020) (collecting cases), Defendants do not oppose this request, and the Court will grant Plaintiff's request that potential opt-in plaintiffs be permitted to submit consent to join forms via a website.

Plaintiff proposes a 60-day opt-in period and Defendants do not object. (Doc. 23-1 PageID 126); (Doc. 27 PageID 1410-12). In similar cases, this Court has previously allowed a 60-day opt-in period. *See, e,g.*, *Honaker v. Wright Bros. Pizza*, No. 2:18-CV-1528, 2020 WL 134137, at *3 (S.D. Ohio Jan. 13, 2020); *Cowan v. Nationwide Mut. Ins. Co.*, No. 2:19-CV-1225, 2019 WL 4667497, at *12 (S.D. Ohio Sept. 25, 2019). The Court finds that a 60-day opt-in period is adequate, as the parties agree to a 60-day period and that period is within the Court's standard range.

Finally, Defendants objects to Plaintiff's request that Defendants produce a computer-readable list of Fry's Assistant Store Managers' e-mail addresses and telephone numbers, as such information is not necessary to provide notice. (Doc. 27

PageID 1411). In light of the Court's prior holding, Defendants are required to produce a computer-readable list that includes Fry's Assistant Store Managers' e-mail addresses, but not their telephone numbers.

### III.     CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Conditionally Certify an FLSA Collective Action and to Authorize Notice (Doc. 23) is **GRANTED in part**;

2. Plaintiff shall file an amended notice consistent with the court's findings herein **within fourteen (14) days** of entry of this Order;

3. Defendants shall provide to Plaintiff's counsel a computer-readable list of the names and contact information of all putative collective members **within fourteen (14) days** of entry of this Order;

4. Plaintiff's counsel may transmit, at Plaintiff's cost, notice of the lawsuit to putative collective members via electronic mail and first-class U.S. mail or equivalent means; and

5. Putative collective members may opt-in to the lawsuit within sixty (60) days after mailing.

**IT IS SO ORDERED.**

/s Michael R. Barrett
JUDGE MICHAEL R. BARRETT