# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KEVIN MULLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER COMPANY; and SMITH'S FOOD & DRUG CENTERS, INC. d/b/a FRY'S FOOD AND DRUG,<br><br>Defendants. | Case No. 1:19-cv-964-MRB<br><br>Judge Michael R. Barrett<br><br>**JOINT DISCOVERY PLAN** |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order. The parties conducted their discovery conference on September 24, 2021.

**A.    MAGISTRATE CONSENT**

The parties:

☐    unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

☒    do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

☐    unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (*e.g.* because of other trial setting, civil or criminal).

**B.    RULE 26(a) DISCLOSURES**

☐    The parties have exchanged pre-discovery disclosures as required by Rule 26(a)(1).

☒    The parties will exchange such disclosures by **December 17, 2021.**

☐ The parties are exempt from disclosure under Rule 26(a)(1)(E).

**C.** **DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of:

   This case asserts claims as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of similarly situated current and former Assistant Store Managers ("ASMs") employed by Defendants at their Fry's Food & Drug store locations. This Court previously granted conditional certification of Plaintiff's FLSA collective action and, in response to receiving notice of this lawsuit, 125 individuals opted in (in addition to six individuals who opted-in prior to notice being sent). With the Court's approval, the parties agree to proceed with merits-based discovery (of both Plaintiff and Defendants), as well as a representative sampling of the 131 individuals who have joined ("Discovery Opt-Ins"). Discovery shall be directed towards the merits of the parties' claims and defenses and final FLSA certification/decertification, including as to the following topics: the job duties, training, hours worked, and compensation of Defendants' ASMs, including Plaintiff and the Discovery Opt-Ins; the classification of Defendants' ASMs, including Plaintiff and the Discovery Opt-Ins, for purposes of receiving overtime compensation (including the reasons for same); Defendants' store-level policies and procedures; damages; Defendants' affirmative defenses, including that ASMs were properly classified as exempt from overtime, as well as Defendants' good faith and lack of willfulness defenses.

   The parties agree to the following parameters regarding second-stage discovery:

   The parties agree that there shall be ten (10) Discovery Opt-Ins who shall be subject to written and deposition discovery. Defendants shall select five (5) Discovery Opt-Ins and five (5) Discovery Opt-Ins shall be randomly selected.

   With respect to any Discovery Opt-In who fails or refuses to participate in written discovery or deposition:

   > <u>Defendant's position</u>: Such individual shall be dismissed from this action and replaced by the same selection process as the Discovery Opt-In who fails to participate (*i.e.*, if one of Defendants' selections fails to participate, then Defendants would select the replacement Discovery Opt-In). If Defendants move to dismiss a Discovery Opt-In for failure to participate in discovery, Plaintiff shall not oppose dismissal on this basis.

   > <u>Plaintiff's position:</u> For any Discovery Opt-Ins who fails or refuses to participate in written discovery or deposition, Defendant is free to move the Court for an order dismissing their claims and Plaintiff will respond to such a motion in due course. That individual will be replaced in the representative discovery process by another individual, and the same

2

>  selection process shall apply (*i.e.*, if one of Defendants' selections fails to participate, then Defendants would select the replacement Discovery Opt-In). Plaintiff cannot, however, dismiss any Discovery Opt-In's claim without their consent (which may not be forthcoming if they are non-responsive), nor can Plaintiff agree not to oppose any motion filed by Defendant without first being made aware of its substance and the relief sought (which may, or may not include, other sanctions, including dismissal with prejudice and an award of attorneys' fees). Plaintiff submits that, in the case of any non-responding Discovery Opt-In, the Court should afford them due process and issue an order requiring any such individual to participate in discovery by a date certain or, otherwise, they may be dismissed from the case.

Defendants may serve ten (10) interrogatories, ten (10) requests for production of documents, and ten (10) requests for admission on each Discovery Opt-In. Defendants will not serve a cumulative total of more than twenty (20) unique interrogatories, thirty (30) unique requests for production of documents, and twenty (20) unique requests for admission on the Discovery Opt-Ins. Plaintiffs may serve twenty (20) interrogatories, thirty (30) requests for production of documents, and twenty (20) requests for admission on Defendants. The written discovery requests shall not include sub-parts or be compound. The responding party shall have forty-five (45) days from the date of service to respond to the written discovery. The Parties agree to the electronic service of all discovery requests and responses. The parties will also meet and confer regarding, among other things, the parties' search for, and production of, electronically stored information ("ESI").

The parties agree that depositions of the Discovery Opt-Ins shall be limited to three (3) hours each, for a cumulative total of 30 hours. Plaintiff may take the deposition of up to six (6) individuals, the cumulative total of which will not exceed 30 hours. All depositions will take place remotely via Zoom or similar videoconference service, or an agreed-upon convenient location.

Plaintiff has previously taken a 30(b)(6) deposition (which was directed at Plaintiff's Motion for Conditional Certification and Court-Authorized Notice). Plaintiff has indicated that he intends to take a second Rule 30(b)(6) deposition on issues unrelated to those covered during the first stage Rule 30(b)(6) deposition. The parties disagree whether a second 30(b)(6) deposition is appropriate. Nonetheless, before Plaintiff serves notice of such a deposition, the parties agree to meet and confer regarding the need, length, and topics for such deposition. In so agreeing, neither party is waiving any arguments with respect to the propriety, content, or length of such deposition. In any event, the parties agree that such deposition is not included in the six-deposition limitation described above and shall not be used to evade the deposition limitations described in the above paragraph.

The parties may proceed with expert discovery during this stage, as outlined below in ¶¶3-5.

3

2. The parties recommend that discovery:

    ☐ need not be bifurcated

    ☐ should be bifurcated between liability and damages

    ☐ should be bifurcated between factual and expert

    ☒ should be limited in some fashion or focused upon particular issues which relate to: *see* ¶C.1.

3. Disclosure and report of Plaintiff's expert(s) by: The deadline for disclosure of Plaintiff's expert, if any, shall be May 27, 2022.  The deadline to produce an expert report shall be June 17, 2022.

4. Disclosure and report of Defendants' expert(s) by: The deadline for disclosure of Defendants' expert, if any, shall be May 27, 2022.  The deadline to produce an expert report shall be June 17, 2022.

5. Disclosure and report of rebuttal expert(s) by: The deadline for disclosure of either parties' rebuttal expert(s), if any, shall be July 29, 2022.  The deadline to produce any expert rebuttal reports shall be August 12, 2022.

6. Disclosure of non-expert (fact) witnesses: Not applicable.

7. Discovery cut-off: Discovery directed towards the merits of the parties' claims and defenses, final FLSA certification/decertification and, if applicable, experts shall be completed on/before **August 26, 2022.**

8. Anticipated discovery problems:

    ☐ _____.

    ☒ None.

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation; (2) prepare for case dispositive motions; and (3) prepare for trial:  *See* ¶C.1.

10. Discovery of Electronically Stored Information.  The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

  ☒  Yes.  The parties are meeting and conferring regarding entry of a proposed Order as to electronically stored information ("ESI").  Plaintiff has sent correspondence to Defendants requesting information regarding potential sources of relevant ESI as well as electronic software and hardware systems.

  ☐  No.

i. The parties have electronically stored information in the following formats: Plaintiff may have e-mails and electronic versions of schedules and other documents created by Defendants which were sent to Plaintiffs.  Defendants may have documents in Word, Excel, and PDF format, as well as emails.

ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

 The parties anticipate the production of ESI during discovery, including with respect to e-mails and electronic documents maintained by either party.  The parties are continuing to meet and confer in good faith regarding the obligation to search for, and produce, ESI, including the format(s) for production.

11. Claims of Privilege or Protection.  The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Civ. P. 502.

  ☒  Yes.  The parties are meeting and conferring regarding a stipulated protective order which includes a provision under Fed. R. Civ. P. 502.

  ☐  No.

i. The case presents the following issues relating to claims or privilege or of protection as to trial preparation materials: None.

ii. Have the parties agreed on a procedure to assert such claims AFTER production?

  ☐  No.

  ☒  Yes.  The parties stipulated protective order includes a procedure to

5

        assert such claims.

        ☐ Yes, and the parties ask that the Court include the following agreement in the scheduling order: _____.

**D. LIMITATIONS ON DISCOVERY**

    1. Changes in the limitations on discovery:

        ☐ Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

        ☐ Extension of the number of depositions (currently 10) permitted to _____.

        ☐ Extension of number of interrogatories (currently 25) to _____.

        ☒ None (with the exception of the limitations contained in ¶C.1).

**E. PROTECTIVE ORDER**

    ☒ A protective order will likely be submitted to the Court on or before **December 17, 2021.**

    ☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).

**F. SETTLEMENT**

A settlement demand __X__ has _____ has not been made.

A response __X__ has _____ has not been made.

A demand can be made by: The parties have engaged in significant settlement discussions, including two mediation sessions with experienced wage and hour mediator Michael Russell, Esq. The parties have not reached a settlement.

A response can be made by: Not applicable.

**G. MOTION DEADLINES**

    1. Motion to amend the pleadings and/or add parties by: The parties believe the deadline should be set at **February 10, 2021.**

    2. Motions relative to the pleadings by: The parties agree to the following schedule

6

for Plaintiff's FLSA motion for final certification of the collective and Defendants' motion for decertification of the collective:

> Deadline for Motion for Final Certification/Decertification: **September 30, 2022.**
>
> Deadline for Opposition: **October 28, 2022.**
>
> Deadline for Reply: **November 18, 2022.**
>
> Any hearing on the above motions shall be as scheduled by the Court.

3. Dispositive motions by: **September 30, 2022.** Oppositions and Replies shall be filed in accordance with the timeline set in ¶G(2).

**H.     OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

None.

Dated: November 19, 2021

| | |
|---|---|
| *s/ Jason Conway* | *s/ David K. Montgomery (w/ permission)* |
| Jason Conway* | David K. Montgomery (0040276) |
| **CONWAY LEGAL, LLC** | Jamie Goetz-Anderson (0083562) |
| 1700 Market Street, Suite 1005 | **JACKSON LEWIS P.C.** |
| Philadelphia, PA 19103 | 201 E. Fifth Street, 26th Floor |
| Telephone: (215) 278-4782 | Cincinnati, Ohio 45202 |
| Fax: (215) 278-4807 | Telephone (513) 898-0050 |
| jconway@conwaylegalpa.com | Fax: (513) 898-0051 |
| | David.Montgomery@jacksonlewis.com |
| Daniel C. Levin* | Jamie.Goetz-Anderson@jacksonlewis.com |
| **LEVIN, SEDRAN & BERMAN LLP** | |
| 510 Walnut Street, Ste. 500 | *Attorneys for Defendants* |
| Philadelphia, PA 19106 | |
| Telephone: (215) 592-1500 | |
| Fax: (215) 592-4663 | |
| dlevin@lfsblaw.com | |

Bruce Meizlish (0033361)
Deborah Grayson (006277)
**MEIZLISH & GRAYSON**
830 Main Street, Suite 999
Cincinnati, Ohio 45202
Phone: (513) 345-4700
Facsimile: (513) 345-4703
brucelaw@fuse.net
drgrayson@fuse.net

7

***Attorneys for Plaintiff and the Members
of the ASM Collective***

*Admitted *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

    I certify that, on November 19, 2021, I caused to be served a true and correct copy of the aforementioned document to be sent electronically through the Court's CM/ECF system to all counsel of record in these matters.

*s/ Jason Conway*
Jason Conway

4857-4092-0068, v. 1