**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| KEVIN MULLINS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:19-cv-00964-MRB |
| v. | |
| THE KROGER COMPANY; and SMITH'S FOOD & DRUG CENTERS, INC. d/b/a FRY'S FOOD AND DRUG, | |
| Defendants. | |
| JACOB WILSON, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:20-cv-00936-MRB |
| v. | |
| THE KROGER COMPANY; and ROUNDY'S SUPERMARKETS, INC. d/b/a PICK 'N SAVE, | |
| Defendants. | |
| CHRISTOPHER LEVI, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:21-cv-00042-MRB |
| v. | |
| THE KROGER COMPANY; and FRED MEYER STORES, INC. d/b/a FRED MEYER, | |
| Defendants. | |

THOMAS SCHELL and CHRISTOPHER
RILEY, on behalf of themselves and all
others similarly situated,

               Plaintiffs,           Case No. 1:21-cv-00103-MRB

      v.

THE KROGER COMPANY d/b/a
KROGER,

               Defendant.

---

WILLIAM POWELL, individually and on
behalf of all others similarly situated,

               Plaintiff,           Case No. 1:21-cv-00345-MRB

      v.

THE KROGER COMPANY; and DILLON
COMPANIES, LLC a/k/a KING
SOOPERS, INC. d/b/a KING
SOOPERS/CITY MARKET,

               Defendants.

---

ISAIAH LOVENDAHL, individually and
on behalf of all others similarly situated,

               Plaintiff,           Case No. 1:21-cv-00350-MRB

      v.

THE KROGER COMPANY; and SMITH's
FOOD & DRUG CENTERS, INC. d/b/a
SMITH'S FOOD & DRUG,

               Defendants.

**PLAINTIFFS' OMNIBUS MOTION AND MEMORANDUM OF LAW TO
CONSOLIDATE CASES FOR DISCOVERY AND OTHER PRE-TRIAL PURPOSES**

Pursuant to Fed. R. Civ. P. 42, Plaintiffs in *Wilson v. The Kroger Co., et al.*, No. 1:20-cv-00936 (S.D. Ohio) ("*Wilson*"), *Levi v. The Kroger Company, et al*, No. 1:21-cv-00042-MRB (S.D. Ohio) ("*Levi*"), *Schell, et al v. The Kroger Company*, No. 1:21-cv-00103-MRB (S.D. Ohio) ("*Schell*"), *Powell v. The Kroger Co., et al.*, No. 1:21-cv-00345 (S.D. Ohio) ("*Powell*"), *Levi v. The Kroger Co.*, *et al.*, No. 1:21-cv-00042 (S.D. Ohio) ("*Powell*"), and *Lovendahl. v. The Kroger Co. and Smith's Food & Drug Centers, Inc. d/b/a Smith's Food & Drug*, No. 1:21-cv-00350 (S.D. Ohio) ("*Lovendahl*") move for an Order to consolidate the actions with the first-filed case in this Court, *Mullins v. The Kroger Co., et al.*, No. 1:19-cv-00964 (S.D. Ohio) ("*Mullins*"), for purposes of discovery and other pre-trial matters. Consolidation is appropriate because the actions involve:

(a) the same primary Defendant, The Kroger Company ("Kroger");

(b) the same job position (Assistant Store Manager, or "ASM");

(c) the same claim for unpaid overtime;

(d) the same legal theory (that ASMs were willfully misclassified as exempt pursuant to Kroger's common policy, practice or procedure);

(e) the same affirmative defenses; and

(f) the same request for relief.

The actions also involve the same common discovery and the same legal questions, and will require resolution of the same core issues, including the propriety of collective action certification and decertification under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Accordingly, and for the reasons below, Plaintiffs respectfully request that the *Wilson*,

1

*Levi*, *Schell/Riley*, *Powell*, and *Lovendahl* actions be consolidated with *Mullins* for discovery and all other pre-trial purposes.

## I. <u>PROCEDURAL HISTORY</u>

### A. The *Mullins* Action

On November 12, 2019, Plaintiff Kevin Mullins filed a Complaint in this District alleging that Kroger and one of its wholly owned subsidiaries, Smith's Food & Drug Centers, Inc., failed to pay him and all other similarly situated ASMs who worked in Kroger's stores under the "Fry's Food and Drug" moniker (or "banner") overtime compensation in accordance with the FLSA. No. 1:19-cv-00964-MRB, Doc. #1.[1]  Specifically, Plaintiff alleges that Kroger's ASMs were improperly classified as exempt and denied overtime compensation for all hours worked above 40 in a work week. *Id.*  Defendants filed their Answer on January 13, 2020 and, among other things, asserted several affirmative defenses, including that Plaintiff is exempt from overtime compensation and the exemption decision was made in good faith. Doc. #6, PAGEID# 36. Shortly after, 6 other ASMs joined the lawsuit. Doc. #10, 12, 13, 15. The action seeks to brings claims on behalf of a collective comprising ASMs who were employed by Kroger beginning in November 2016. Doc. #23.

On June 29, 2020, Plaintiff moved for conditional certification of his collective action in order to send notice to similarly situated individuals to permit them an opportunity to join. *Id*. On November 16, 2020, this Court granted Plaintiff's motion. *See generally*, Doc. #30. In response to receiving notice, more than 130 current and former ASMs joined the action (the "opt-ins"). In May and September 2021, the parties participated in two full-day mediations to attempt to resolve the claims of the ASMs in this action, as well as those in the *Wilson*, *Levi*, *Schell/Riley*, *Powell*, and *Lovendahl* matters. Doc. #78. The mediations were unsuccessful. *Id*.

The parties have since commenced merits-discovery directed at their corresponding claims and defenses, including with respect to a representative sample of opt-ins. However, because of the Court's attendant February 28, 2022 stay in the *Schell/Riley* and *Lovendahl* matters pending the outcome of the Sixth Circuit's decision in *Clark v. A&L Homecare and Training Center., LLC* (Sixth Cir. Case Nos. 22-3101/3102) ("*Clark*") (*see* Doc. #49), Plaintiffs were prejudiced in their ability to direct discovery to the main Defendant in each case, namely Kroger. While some discovery has occurred, given that Plaintiffs intend to move for conditional certification of an expanded collective in *Schell/Riley*, and certification of a collective action in *Lovendahl*, the extent and scope of discovery across *all 6 actions* is currently unknown. Plaintiffs will be prejudiced if, for example, discovery is directed at a disproportionate number of opt-ins who otherwise would not be required to participate in the discovery process under prevailing FLSA jurisprudence.[2]

**B.    The *Powell* Action**

On July 7, 2020, Plaintiff Kevin Mullins filed a Complaint in the District of Colorado alleging that Kroger and one of its wholly owned subsidiaries, Dillon Companies, LLC, failed to pay him and all other similarly situated ASMs who worked in Kroger's stores under the "King Soopers/City Market" banner overtime compensation in accordance with the FLSA and Colorado wage and hour law. No. 1:21-cv-00345, Doc. #1. Again, Plaintiff alleges that Kroger's ASMs were improperly classified as exempt and denied overtime compensation for all hours worked above 40 in a work week. *Id.* Defendants filed their Answer on August 4, 2020

---

[1] The case was assigned to this Court.
[2] Notwithstanding this, and although aware that Plaintiff intended to move for consolidation in light of the significant similarities between all 6 actions (including for discovery purposes), Defendants moved to dismiss several Plaintiffs and opt-ins in the *Mullins*, *Levi*, *Wilson*, and *Powell* actions based on alleged discovery deficiencies. The Court has since stayed briefing on Defendants' motions.

and, again, asserted the same affirmative defenses, including that Plaintiff is exempt from overtime compensation and the exemption decision was made in good faith. Doc. #14. Shortly after, 2 other ASMs joined the lawsuit. Doc. #7, 10. The action seeks to brings claims on behalf of a collective comprising ASMs who were employed by Kroger beginning in July 2017. Doc. #43, 46.

On September 3, 2020, Plaintiff moved for conditional certification of his collective action. Doc. #15. The Court granted Plaintiff's motion. *See generally*, Doc. #43, 46. In response to receiving notice, more than 150 current and former ASMs opted in. On May 20, 2021, the parties jointly moved to transfer the *Powell* action to this Court which, at that time, was overseeing the *Mullins*, *Wilson*, *Levi*, and *Schell/Riley* actions. Doc. #82. As part of the joint motion, Kroger acknowledged that the *Powell* action was "one of five cases currently pending against Kroger and its subsidiaries alleging that Assistant Store Managers … were denied overtime compensation in violation of the Fair Labor Standards Act" and that each action "alleges that Kroger misclassified ASMs as exempt from overtime in order to reduce store labor costs." *Id*., at 1-2.[3] As it has with each of the 6 actions, "Kroger denie[d] the allegations, denie[d] that it employed ASMs working at King Soopers or other non-Kroger branded stores, and maintain[ed] that ASMs are properly classified as exempt employees." *Id*., at 2.

As part of the transfer request, Kroger agreed that the *Powell* action "was ripe for transfer and **potential consolidation** with the related actions pending against Kroger [before this Court]." *Id*., at 5 (emphasis added). Kroger also agreed that **"the Parties … may seek to consolidate all five actions, including for discovery purposes.** This will conserve the Parties' resources, as well as those of the Southern District of Ohio, and will ensure efficiencies and other benefits,

---

[3] Kroger also denied "it employed ASMs working at King Soopers or other non-Kroger branded stores …" Doc. #82, at 2. This issue is common to all 6 actions.

including potential cost and time-savings." *Id.*, at 6 (emphasis added). The *Powell* action was subsequently transferred to this Court on May 21, 2021. Doc. #83, 84, 85.

As with the *Mullins* action, the parties commenced merits-discovery, including with respect to a representative sample of opt-ins, though (again) discovery has been hampered because of the stay as to the primary Defendant, Kroger.

C.      The *Wilson* Action

On November 17, 2020, Plaintiff Jacob Wilson filed a Complaint in this District alleging that Kroger and another of its wholly owned subsidiaries, Roundy's Supermarkets, Inc., failed to pay him and all other similarly situated ASMs who worked in Kroger's stores under the "Pick 'n Save" banner overtime compensation in accordance with the FLSA. No. 1:20-cv-00936, Doc. #1.[4] Again (and similar to the *Mullins* and *Powell* actions), Plaintiff alleges that Kroger's ASMs were improperly classified as exempt and denied overtime compensation for all hours worked above 40 in a work week. *Id.* Defendants filed their Answer on January 19, 2021 and (again) asserted several affirmative defenses, including that Plaintiff is exempt from overtime compensation and the exemption decision was made in good faith. Doc. #9, PAGEID# 38-39. Shortly after commencing the action, another ASM joined the lawsuit. Doc. #15. The action also seeks to brings claims on behalf of a collective comprising ASMs who were employed by Kroger beginning in April 2018. Doc. #17. On May 19, 2021, the parties stipulated to conditional certification of Plaintiff's collective action. *Id.* In response, more than 90 current and former ASMs opted in. Discovery as to the parties' claims and defenses has commenced though, as with the *Mullins* and *Powell* actions, Plaintiff has been prejudiced because of the stay.

### D.     The *Levi* Action

On January 19, 2021, Plaintiff Christopher Levi filed a Complaint in this District alleging that Kroger and another of its wholly owned subsidiaries, Fred Meyer Stores, Inc., failed to pay him and all other similarly situated ASMs who worked in Kroger's stores under the "Fred Meyer" banner overtime compensation in accordance with the FLSA.  No. 1:21-cv-00042, Doc. #1.[5]  Again (and as with the *Mullins*, *Powell*, and *Wilson* actions) Plaintiff alleges that Kroger's ASMs were improperly classified as exempt and denied overtime compensation for all hours worked above 40 in a work week.  *Id.*  Defendants filed their Answer on March 26, 2021 and, again, asserted the same affirmative defenses, including that Plaintiff is exempt from overtime compensation and the exemption decision was made in good faith.  Doc. #9, PAGEID# 37-38. As with the *Mullins*, *Powell*, and *Wilson* actions, the *Levi* action seeks to brings claims on behalf of a collective comprising ASMs who were employed by Kroger beginning in April 2018.  Doc. #15.  On May 19, 2021, the parties stipulated to conditional certification of Plaintiff's collective action.  *Id*.  In response, more than 140 current and former ASMs opted in.  Similar to the *Mullins*, *Powell*, and *Wilson* actions, the parties have since commenced merits-discovery directed at their corresponding claims and defenses, including with respect to a representative sample of opt-ins.  However, again, discovery as to Kroger was hampered because of the stay in the *Schell/Riley* and *Lovendahl* actions.

### E.     The *Schell* and *Riley* Action

On February 11, 2021, Plaintiffs Thomas Schell and Christopher Riley filed a Complaint in this District alleging that Kroger failed to pay them and all other similarly situated ASMs who

---

[4] The case was assigned to Judge Cole, though this Court and Judge Cole acknowledged it related to *Mullins*.  Doc. #7.  Subsequently, on April 2, 2021, the case was transferred to this Court.  Doc. #14.

worked in Kroger's stores under the "Kroger" banner overtime compensation in accordance with the FLSA. No. 1:21-cv-00103, Doc. #1.[6]  Again (and as with the *Mullins*, *Powell*, *Wilson* and *Levi* actions) Plaintiffs allege that Kroger's ASMs were improperly classified as exempt and denied overtime compensation for all hours worked above 40 in a work week. *Id.* Defendants filed their Answer on April 16, 2021 and, again, asserted the same affirmative defenses, including that Plaintiff is exempt from overtime compensation and the exemption decision was made in good faith. Doc. #9, PAGEID# 47. As with the *Mullins*, *Powell*, *Levi*, and *Wilson* actions, the *Schell/Riley* action seeks to brings claims on behalf of a collective comprising ASMs who were employed by Kroger beginning in April 2018. Doc. #15. On May 19, 2021, the parties stipulated to conditional certification of Plaintiffs' collective action. *Id.*[7]  In response, more than 860 current and former ASMs opted in.

On October 8, 2021, Plaintiffs moved for conditional certification of the claims of the ASMs who worked in nearly 700 stores in the remaining 6 "Kroger" branded divisions: Central (Indianapolis), Michigan, Louisville, Dallas, Houston and Mid-Atlantic (Roanoke). Doc. #44. Kroger opposed certification primarily on the basis that Plaintiffs had not met their burden under the lenient first-stage standard for FLSA conditional certification. *See* Doc. #46, at 6-11. Kroger also requested that the Court stay the *Schell/Riley* action pending the outcome of an interlocutory appeal to the Sixth Circuit in an unrelated FLSA action – *Holder v. A&L Home Care & Training Ctr.*, No. 1:20-CV-757, 552 F.Supp.3d 731, 750 (S.D. Ohio Aug. 4, 2021) (McFarland, *J.*) –

---

[5] The case was initially assigned to Judge Black but, on March 18, 2021, was reassigned to this Court. Doc. #8.
[6] For operational purposes, Defendant's "Kroger" stores are grouped into eleven (11) divisions based on their geographic location. Doc. #15, 44-1.
[7] In stipulating to conditional certification, the parties agreed that notice would be sent to ASMs who worked in the divisions for whom an existing opt-in in the *Schell/Riley* action worked. Accordingly, notice was sent to ASMs who worked in five divisions – Atlanta, Columbus, Cincinnati, Memphis (Delta), and Nashville. Doc. #15.

regarding the propriety of the two-step FLSA certification process. Doc. #46, at 12-14.[8] On February 28, 2022, the Court stayed this and the *Lovendahl* actions on the basis that "the continued viability of the two-phase inquiry for conditionally certifying an FLSA collective action in this Circuit, creates some judicial economy." Doc. #49, at 4-5. In response, and in order to proceed with second-stage merits discovery as to the claims and defenses of the parties, including the more than 850 opt-ins, Plaintiffs withdrew their motion for conditional certification of the remaining six Kroger divisions. Doc. #50. Notwithstanding this, the stay was continued. *See* Court's April 27, 2022 Notation Order. The parties subsequently agreed to toll the claims of all potential opt-ins who worked in the 6 Kroger divisions for whom notice has not been sent. Doc. #58. Following the Sixth Circuit's decision in *Clark*, the Court lifted the stay. *See* Court's June 20, 2023 Notation Order. Discovery as to this action has not yet commenced. On or before July 14, 2023, Plaintiff intends to move for conditional certification of the 6 remaining Kroger divisions.[9]

F.    **The *Lovendahl* Action**

On June 7, 2021, Plaintiff Isaiah Lovendahl filed a Complaint in this District alleging that Kroger and another of its wholly owned subsidiaries, Smith's Food & Drug Centers, Inc., failed to pay him and all other similarly situated ASMs who worked in Kroger's stores under the "Smith's Food & Drug" banner overtime compensation in accordance with the FLSA. No. 1:21-

---

[8] On May 19, 2023, the Sixth Circuit handed down its decision in *Clark*. In so doing, it confirmed the two-step process for determining whether employees are "similarly situated" for purposes of maintaining a collective action under the FLSA (*i.e.*, conditional certification at the first step and final certification/decertification at the second step).

[9] Plaintiff intends to rely on documents, testimony, and other information pertaining to, among other things, ASMs and Kroger's store operations which has been obtained to date, including in the other actions involving Kroger.

cv-00350, Doc. #1.[10]    Again (and as with the *Mullins*, *Powell*, *Wilson*, *Levi*, and *Schell/Riley* actions), Plaintiff alleges that Kroger's ASMs were improperly classified as exempt and denied overtime compensation for all hours worked above 40 in a work week.    *Id.*   Defendants filed their Answer on July 26, 2021 and, again, asserted the same affirmative defenses it has in each of the other 5 actions, including that Plaintiff is exempt from overtime compensation and the exemption decision was made in good faith.   Doc. #13, PAGEID# 57.   As with the *Mullins*, *Powell*, *Wilson*, *Levi*, and *Schell/Riley* actions, the *Lovendahl* action, too, seeks to brings claims on behalf of a collective comprising ASMs who were employed by Kroger beginning in October 2018.   Doc. #16.

On October 8, 2021, Plaintiff moved for conditional certification of his collective action. Doc. #16.   Kroger opposed certification and, as it had done in *Schell/Riley* action, sought a stay pending the outcome of the Sixth Circuit's decision in *Clarke*.   Doc. #17, at 12-14.[11]   On February 28, 2022, the Court stayed this action.  Doc. #2.   The parties subsequently agreed to toll the claims of all potential opt-ins for whom notice has not been sent.   Doc. #24.   Following the Sixth Circuit's decision in *Clark*, the Court lifted the stay.   *See* Court's June 20, 2023 Notation Order.   Discovery as to this action has not yet commenced.   On or before July 14, 2023, Plaintiff also intends to move for conditional certification on behalf of ASMs who worked in Kroger's stores under the "Smith's Food & Drug" banner.

---

[10] The case was initially assigned to Judge Black but, on March 18, 2021, was reassigned to this Court. Doc. #8.

[11] On May 19, 2023, the Sixth Circuit handed down its decision in *Clark.*  In so doing, it confirmed the two-step process for determining whether employees are "similarly situated" for purposes of maintaining a collective action under the FLSA (*i.e.*, conditional certification at the first step and final certification/decertification at the second step).

## II.    <u>LEGAL STANDARD</u>

Plaintiffs move for consolidation under Federal Rule of Civil Procedure 42(a).  Rule 42(a) permits the Court to consolidate multiple actions if they involve a common question of law or fact.  *See* Fed. R. Civ. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may ... consolidate the actions…").  "It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request." *Safety Today, Inc. v. Roy*, Nos. 2:12-cv-510, 2:12-cv-929, 2013 U.S. Dist. LEXIS 43659, at *1 (S.D. Ohio Mar. 27, 2013).  In ordering consolidation, "the court has the flexibility under Rule 42(a) to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources." *Albert v. Honda Dev. & Mfg. of Am., LLC*, 2023 U.S. Dist. LEXIS 15734, *10 (S.D. Ohio Jan. 30, 2023) (Sargus, *J.*) (quoting *Borden v. Antonelli Coll.*, No. 1:16-cv-519, 2016 U.S. Dist. LEXIS 137716, at *4 (S.D. Ohio Oct. 4, 2016) (Black, *J.*)).

In reaching its decision on the issue of consolidation, a court shall consider: "[w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives." *In re Welding Fume Prods.*, No. 1:03-cv-17000, 2006 U.S. Dist. LEXIS 72669, at *20 (N.D. Ohio Oct. 5, 2006) (granting motion to consolidate) (citing *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)).  Where proceedings sought to be consolidated would be largely duplicative, consolidation is a more efficient way to proceed. *Bishop v. Coulter Ventures, LLC*, No. 2:19-CV-5050, 2021 U.S. Dist. LEXIS 9021, at *4-5 (S.D.

Ohio Jan. 19, 2021).  Rule 42(a) "affords the district court discretion concerning the purposes and scope of consolidation," guided by the "underlying objective … to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971)).

### III. <u>ARGUMENT</u>

#### A. **Kroger Concedes Consolidation is Appropriate.**

In jointly moving to transfer the *Powell* action to this District, Kroger agreed that it "was ripe for transfer and **potential consolidation** with the related actions pending against Kroger [before this Court]."  No. 1:21-cv-00345, Doc. #82., at 5 (emphasis added).  Kroger also agreed that **"the Parties … may seek to consolidate all five actions, including for discovery purposes."**  *Id*., at 6 (emphasis added).  Kroger reasoned that consolidation "will conserve the Parties' resources, as well as those of the Southern District of Ohio, and will ensure efficiencies and other benefits, including potential cost and time-savings."  *Id*., at 6.

Notwithstanding this, during the July 7, 2023 status conference with the Court, Kroger's counsel indicated that Kroger intends to object to consolidation because each of its banners are operated so differently that no gains would be obtained from consolidating the 6 actions for discovery and other pre-trial purposes.  However, this is directly contradicted by Kroger's representations to the District of Colorado that consolidation has overwhelming benefits – both to the Court and to the parties.  *Id*.

Kroger's counsel also argued at the July 7, 2023 status conference that consolidation was somehow "untimely."  Nevertheless, Kroger attached no time limit or other criteria to its prior statements lauding the virtues of transfer and consolidation of the *Powell* action with the other

actions then-pending before this Court. In fact, having now obtained (at its request) the benefit of a year-and-a-half stay of the *Schell/Riley* and *Lovendahl* matters, Kroger's argument that the passage of time militates against consolidation simply does not hold water. Indeed, in opposing Plaintiff's motion to lift the stay in the *Schell/Riley* action so that the parties may proceed with coordinated discovery across it and the *Mullins*, *Wilson*, *Powell*, and *Levi* actions (No. 1:21-cv-00103, Doc. #54), Kroger argued that it would be prejudiced "if it was forced to conduct discovery without knowing the standard applicable to at least half of the class." No. 1:21-cv-00103, Doc. #55, PAGEID# 2565. It is precisely because of the potential impact the *Clark* decision may have had on both the collective action certification and discovery processes and, ultimately, on the quantum of evidence necessary to survive final certification and/or decertification, that the parties moved cautiously through discovery. With the clarify that now comes with *Clark*, Plaintiff believes consolidating all 6 actions, including for discovery purposes, is eminently appropriate.

Again, notwithstanding this, at the July 7, 2023 status conference Kroger's counsel argued that Plaintiff is moving to consolidate the Kroger lawsuits purely to avoid responding to discovery. Kroger is wrong and fails to grasp the larger issue: that consolidation will provide the Court and the parties with much needed guidance on how to proceed with the 6 lawsuits in a coordinated and efficient manner, *including with respect to discovery* (the landscape of which may dramatically change in light of Plaintiff's soon-to-be-filed motions for conditional certification of the collective actions in both the *Schell/Riley* and *Lovendahl* matters). Without deciding that issue, shortly after the July 7th status conference the Court ruled that briefing on Defendants' motions to dismiss in the *Mullins*, *Wilson*, *Powell*, and *Levi* actions would be held in

abeyance pending resolution of the instant Motion and Plaintiff's conditional certification motions. *See* Court's July 7, 2023 Notation Order in *Mullins*, *Wilson*, *Powell*, and *Levi*.

Kroger has already conceded that consolidation of the ASM lawsuits is appropriate. Plaintiff merely asks that the benefits which accompany consolidation (as described below) inure to the Court and the parties.

### B. The Court Should Consolidate the 6 Kroger Lawsuits.

#### (1) The *Mullins*, *Wilson*, *Powell*, *Levi*, *Schell/Riley*, and *Lovendahl* Matters Present Common Questions of Law and Fact

The requirements of Fed. R. Civ. P. 42(a) are satisfied here. All actions present the same legal question: whether Kroger misclassified its ASMs and paid them a salary in order to avoid paying them overtime to reduce its labor expense.[12] All actions allege violations under the FLSA.[13] All actions involve claims for the recovery of unpaid overtime. All actions involve the same primary Defendant, Kroger. All actions involve the same central issue: whether Kroger's ASMs' primary duty is the performance of non-management work such that they satisfy one or more of the FLSA's exemptions. All actions involve the same affirmative defenses, including whether Kroger's classification of ASMs as exempt was made in good faith and was not willful. All actions also rest on substantially the same discovery, including with respect to the work performed by ASMs, the extent to which Kroger exerted supervision and control over its stores and ASMs, Kroger's knowledge of the *actual* work performed by ASMs for purposes of its affirmative defenses, and Kroger's common ASM job descriptions, training, and store policies and procedures (among other things). All actions also seek certification of a collective action

---

[12] Approximately 1,400 ASMs who worked at hundreds of Kroger's grocery stores have self-identified as being similarly situated to Plaintiffs based on the work they performed and have already joined the 6 lawsuits.

under the FLSA (on behalf of aggrieved ASMs), assert that ASMs are, in fact, non-exempt employees and spent the majority of their time performing the same type of non-exempt tasks, and allege that ASMs worked more than 40 hours in a work week.  *See Albert*, 2023 U.S. Dist. LEXIS 15734, *14 (consolidating cases whose arose out of similar facts and presented common questions of law, where there was a risk of inconsistent judgments if the cases remained separate, and allowing the cases to proceed parallel to each other would waste the Court and the parties' resources); *Troy Stacy Enters. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 408 (S.D. Ohio Jan. 15, 2021) (consolidating several related actions where they hinged on common legal and factual issues and involved the same types of losses, have overlapping core facts, putative classes, and claims for relief, anticipate similar discovery, and are against the same insurer); *Stransky v. HealthONE of Denver, Inc*., Nos. 11-cv-2888, 14-cv-0042, 2014 U.S. Dist. LEXIS 46079, at *15 (D. Colo. Apr. 3, 2014) (finding consolidating of cases involving common questions of law or fact, including the same defendant and common claims under the FLSA, will avoid unnecessary costs and delays).[14]

All actions also present another common legal issue: whether the conditionally certified collective actions can be maintained for purposes of proceeding to trial on Plaintiffs' FLSA claims.  Kroger has indicated that it intends to move to decertify the collectives.  However, as Kroger is aware, the applicable standard for decertification is the same for each lawsuit. Consolidating them and asking the Court to rule on the issue once – not on five or more separate occasions – just makes sound judicial sense.  *See e.g.*, *Bishop*, 2021 U.S. Dist. LEXIS 9021, at

---

[13] The only substantive difference is that the *Powell* action includes a claim for recovery of overtime compensation under Colorado law.  Notwithstanding this, the substance of the FLSA and Colorado law is largely the same.

[14] Plaintiffs acknowledge that the actions are related for purposes of S.D. Ohio Civ. R. 3.1 and that they are all proceeding before this Court.  However, the cases are proceeding *separately* (and Kroger contends they should continue to proceed as such).  Accordingly, neither the Court

*5-6 (granting defendant's motion for consolidation where two lawsuits involved the same parties, the same underlying series of events, and sought the types of relief).

Ignoring that these actions are, for all intent and purposes, identical and, instead, cabining them as separate actions to be viewed through different lenses prejudices Plaintiffs and contradicts Kroger's admission that consolidation is appropriate. With consolidation of discovery, the parties only need to exchange discovery once for the issues that relate to all 6 actions, rather than repeat such efforts for separate actions (as they are required to do now). The cases should also be consolidated for scheduling so the Court can schedule briefing regarding, among other things, dispositive motions, final certification/decertification of Plaintiffs' conditionally certified collective actions, and determination of the merits of the claims in each action.

Another common legal issue is whether Kroger employed Plaintiffs and its ASMs. Courts have held that common defenses such as this counsels in favor of consolidation. *See Greening v. B.F. Goodrich Co.*, No. 90-CV-2891, 1993 U.S. Dist. LEXIS 5419, at *6 (N.D. Ill. Apr. 23, 1993) (consolidating cases to avoid duplicating time and effort in light of "the overlap of legal and factual issues regarding" defenses, including question of joint employer status). Furthermore, the substantial overlap of evidence that would be relevant to all claims means that consolidation is appropriate even with some divergence of claims. *See, e.g., Olsen v. New York Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 104 (E.D.N.Y. 2005) (consolidating eleven cases presenting virtually identical factual allegation with concomitant overlapping discovery in order to enhance judicial economy despite minor differences in class period, identities of certain defendants, and substantive governing statutes); *Rauscher v. Ryan*, No. 93-CV-5950, 1994 U.S.

---

nor Plaintiffs have availed themselves of the benefits of consolidation. The consolidation of related actions is eminently appropriate. *Troy Stacy Enters.*, 337 F.R.D. at 408.

Dist. LEXIS 4331 (E.D. Pa. Apr. 7, 1994) (holding, in a case presenting both federal and possible state law causes of action, that "significant overlap in the evidence required to be presented in both … actions" militated in favor of consolidation).

Accordingly, this Court should consolidate these cases for discovery and other pre-trial purposes.  Once the cases are trial-ready, the parties can then determine the next steps, including whether one or all actions should proceed to trial.

### (2) Non-Consolidation Risks Inconsistent Adjudication of Common Factual and Legal Issues.

Given that these cases involve the same primary defendant, putative collective and class members, and relevant documentation and witnesses, it is possible that the Court could reach different conclusions regarding the scope of discovery and other routine pretrial matters that could lead to inconsistencies.  For example, if the Court only permits narrow discovery in one matter, but broad discovery in another, the parties will be left with inconsistent rulings where the issues are nearly identical, and the documentation exchanged applies to multiple cases represented by the same parties.  Or, as the Court has already done, permit discovery to proceed in four actions which were conditionally certified while, at the same time, staying discovery as to the conditionally certified collective in the *Schell/Riley* action.

In addition, and absent consolidation, these cases present the possibility that Kroger could be deemed, for example, to have employed ASMs in one case, while at the same time determined not to have employed ASMs in another.  *See Sylverne v. Data Search N.Y., Inc.*, No. 08-CV-0031, 2008 U.S. Dist. LEXIS 88303 (N.D. Ill. May 28, 2008) (consolidating six putative class actions alleging violations of the Fair Debt Collection Practice Act to avoid multiple trials in light of the identical legal claims, substantially overlapping evidence, and the possibility that different juries could come to contradictory results regarding identical conduct of certain parties

who were defendants in multiple suits); *Pochert v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 11-CV-2440, 2011 U.S. Dist. LEXIS 102213, at *9 (N.D. Ill. Sept. 9, 2011) (consolidating two cases with identical claims and "substantially overlapping parties"). This is precisely the result that consolidation is intended to avoid.

Where there are common issues of law or fact, courts must then balance the benefit of expedience and judicial resources against prejudice and jury confusion that may be caused by consolidation. *Cantrell*, 999 F.2d at 1011. Factors that may cause prejudice and jury confusion include complex legal theories and factual proof. *See Bishop*, 2021 U.S. Dist. LEXIS 9021, at *6 (citing *Choi v. Stevenson Co.*, No. 3:08-CV-0057-S, 2011 U.S. Dist. LEXIS 45943, (W.D. Kentucky Apr. 28 2011)). Efficiency is determined by "the need to analyze issues common to all parties, overlap in discovery, witnesses, and evidence." *Bishop*, 2021 U.S. Dist. LEXIS 9021, at *6-7 (citation omitted); *see also May v. United States*, 515 F. Supp. 600, 604 (S.D. Ohio 1981). Consolidation before the same court of similar claims involving similar parties "is the most efficient method of adjudicating these related matters." *Bishop*, 2021 U.S. Dist. LEXIS 9021, at *7. Consolidation for purposes of discovery "will also facilitate expediency." *Id.* There is nothing confusing about the main issues in these actions. *Troy Stacy Enters.*, 337 F.R.D. at 408 (consolidating cases where plaintiffs experienced similar impacts based on the same events even though they operate different business and were subject to different government orders).

Accordingly, the Court should grant Plaintiff's Motion such that these duplicative lawsuits will result in singular, consistent pre-trial proceedings.

### (3)     Multiple Lawsuits Will Unnecessarily Burden the Court and Parties.

As is evident from the pleadings in these actions, this Court ultimately will have to determine whether Kroger's ASMs are entitled to receive overtime compensation. To adjudicate

these actions, the parties will likely engage in duplicative discovery regarding Kroger (and its subsidiaries), including the work performed by ASMs, Kroger's store-level policies, practices, and procedures, the hours worked by ASMs (and Kroger's time keeping and payroll practices), the supervision and control Kroger exerts over its store operations and employees (including ASMs), as well as duplicative electronic discovery, if consolidation is denied. Allowing these 6 cases to proceed parallel to each other would waste significant judicial resources since the Court would be presiding over six nearly identical cases involving the same Defendant and FLSA claims. *Fed. Trade Comm'n v. Integration Media, Inc.*, No. 1:09- CV-1776, 2009 U.S. Dist. LEXIS 81556, at \*2 (N.D. Ohio Aug. 24, 2009) (granting motion to consolidate where "taking into consideration judicial economy and the risks of separate, inconsistent adjudications ... common questions of law and fact permeate the two cases, and the efficient use of judicial resources supports consolidation"). Because the 6 actions cases involve the same questions of law and fact related to the exempt classification of Kroger's ASMs, consolidation is appropriate.

Consolidating these matters will, as Kroger acknowledges, result in a substantial saving of judicial resources, as well as the resources of the parties, because the legal claims and factual inquiries are substantively identical. *See Cent. States, Se. & Sw. Area Pension Fund*, Nos. 08-50180, 08-50852, 2009 U.S. Dist. LEXIS 101743, at \*3 (E.D. Mich. Oct. 30, 2009) (granting defendant's motion to consolidate and ruling that "[s]ince the two cases are essentially the same, neither party should be prejudiced by consolidation"). For example, consolidation will eliminate duplicative discovery regarding Kroger's good faith and lack of willfulness affirmative defenses, since such information is within Kroger's knowledge and can be obtained through streamlined discovery requests and depositions. Consolidation will also relieve the parties of the need to conduct duplicative depositions of Kroger's employees involved in the alleged compensation and

classification practices of ASMs, as well as duplicative depositions of members of overlapping putative classes. Furthermore, consolidation will relieve the Court from adjudicating the same legal issues six separate times.

## IV.   **CONCLUSION**

Plaintiffs respectfully request that the Court grant their Motion and consolidate the *Wilson*, *Powell*, *Levi*, *Schell/Riley*, and *Lovendahl* actions with the *Mullins* action for discovery and all other pre-trial purposes.

Dated: July 7, 2023                                             *s/ Jason Conway*

Jason Conway*
**CONWAY LEGAL, LLC**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
Fax: (215) 278-4807
jconway@conwaylegalpa.com

Daniel C. Levin*
**LEVIN, SEDRAN & BERMAN LLP**
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Telephone: (215) 592-1000
Fax: (215) 592-4663
dlevin@lfsblaw.com

Bruce Meizlish (OH Id. No. 0033361)
Deborah Grayson (OH Id. No. 006277)
**MEIZLISH & GRAYSON**
830 Main Street, Suite 999
Cincinnati, Ohio 45202
Phone: (513) 345-4700
Facsimile: (513) 345-4703
brucelaw@fuse.net
drgrayson@fuse.net

***Attorneys for Plaintiff and the ASM Collective***

*\* Admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on July 7, 2023, I caused a true and correct copy of the aforementioned document to be served on all counsel of record in this matter, including counsel for Defendants (Ryan M. Martin and Gretchen M. Treherne) through operation of the Court's CM/ECF system.

*s/ Jason Conway*
Jason Conway
